BANCO DE PUERTO RICO, como LIQUIDADOR DEL BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* JUAN BAUTISTA ARGUINZONI, GUILLERMO COLÓN y MATEO VÁZQUEZ, demandados y apelantes.

Núm. 7243.—*Resuelto:* Julio 28, 1938.

*M. Guzmán Texidor*, abogado de los apelantes; *C. Domínguez Rubio*, abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se solicita la reconsideración de la sentencia porque esta corte resolvió el caso por una cuestión que no fué planteada por los demandados en su contestación.

Si ello fuera así, tendría razón el demandante. Pero concurren circunstancias que nos permiten concluir que la cuestión estaba necesariamente envuelta en lo alegado y probado en el pleito y fué discutida en el recurso por las partes.

La opinión que sirvió de base a la sentencia (véase ante, pág. 167), habla por sí misma. Los hechos que en ella se narran se fundan en las constancias de los autos, y la conclusión legal a que se llegó, esto es, que el crédito del demandante había quedado extinguido a virtud de su propia actuación, surge de los hechos y la ley.

Se trata del cobro de un pagaré. En su contestación los demandados alegaron que la obligación reclamada había quedado extinguida por novación y por pago.

La novación consistía en el otorgamiento de un nuevo pagaré hipotecario por uno de los deudores que se dió en prenda al acreedor y que éste vendió por ante notario haciéndose dueño del mismo. Dijimos que el otorgamiento no constituía por sí solo novación, si que una garantía adicional. Pero entrando en la consideración de lo ocurrido según lo alegado y probado o sea la venta por ante notario de dicho nuevo pagaré dado en prenda al acreedor que terminó convirtiéndose éste en dueño de la prenda, llevaba consigo su obligación de dar carta de pago de la totalidad de su crédito, lo que implicaba la extinción de la deuda de los demandados para con el demandante.

En los tres errores que señala el apelante se trata la cuestión. Se apunta en los dos primeros y se plantea de lleno en el último, como sigue:

"De la prueba presentada y de las conclusiones (*findings*) de la Corte de Distrito resulta terminantemente demostrado que el tantas veces citado pagaré hipotecario de $12,350 fué dado en prenda al

Banco Comercial de Puerto Rico en garantía del pago de diversas obligaciones de Juan Bautista Arguinzonis y otros en que aparecía como deudor solidario Arguinzonis y entre cuyas obligaciones se encontraba el pagaré por $1,033.34 objeto de este litigio.

"Aparece además que la prenda fué ejecutada en procedimiento ante el Notario don Celestino Domínguez Rubio.

"Aparece de dicho procedimiento que no habiendo postores se adjudicó . . . . . . . . al Banco acreedor el pagaré hipotecario de $12,350.00. Téngase en cuenta que este pagaré garantizaba varias deudas entre ellas el pagaré de $1,033.34.

"Es decir, no habiendo postores en la subasta del pagaré hipotecario el acreedor se hizo dueño de la prenda. Veamos en qué situación se encuentran acreedor y deudor prendarios cuando surge ese estado. Art. 1771 del Código Civil del 1930.

" 'El acreedor a quien oportunamente no hubiese sido satisfecho su crédito podrá proceder por ante Notario a la enajenación de la prenda. Esta enajenación habrá de hacerse precisamente en subasta pública y con citación del deudor y del dueño de la prenda en su caso. Si en la primera subasta no hubiese sido enajenada la prenda, podrá celebrarse una segunda con iguales formalidades; y si tampoco diere resultado podrá el acreedor hacerse dueño de la prenda. En este caso estará obligado a dar carta de pago de la totalidad de su crédito.'

"Si del pagaré hipotecario se hizo dueño el acreedor por ministerio de la ley viene obligado a dar carta de crédito al deudor por la totalidad de su crédito; estando el pagaré de $1,033.34 incluído en la deuda garantizada por la prenda, es claro y terminante que el acreedor tenía que dar carta de pago al deudor por el pagaré de $1,033.34 y condenarlo otra vez a pagar dicha suma no es ya un craso error sino una injusticia."

Y el apelado que ahora habla de nuevas cuestiones en su moción de reconsideración, nada dijo sobre ese particular en su alegato si que entró a considerar y a impugnar en sus méritos el alegato de los apelantes. Refiriéndose a la cuestión que ahora se califica de nueva, dice:

"Dicen los apelantes al discutir su último error, que habiéndose adquirido el pagaré dado en prenda, por el Banco, ello equivale a dar carta de pago al deudor.

"No estamos conformes con tal conclusión. El art. 1771 del Código Civil que cita en su alegato, no dice lo que él pretende. Dice:

" 'Si en la primera subasta no hubiese sido enajenada la prenda, podrá celebrarse una segunda con iguales formalidades; y si tampoco diere resultado podrá el acreedor hacerse dueño de la prenda. En este caso estará obligado a dar carta de pago de la totalidad de su crédito.'

"Es pues un requisito necesario para que el acreedor quede obligado a dar carta de pago, que se hayan celebrado dos subastas. ¿Ocurre eso en este caso? No. El acreedor compró la prenda y la compró por dinero que abonó a la cuenta del capital que representaba el pagaré dado en prenda.

"El artículo que transcribimos, ni por su letra, ni por su espíritu, dice o quiere decir, que el acreedor no puede ser postor en la primera subasta, y en ausencia de una disposición que le prohiba adquirir, puede comprar en la primera subasta. Nosotros creemos que, aun en casos en que se verifique una segunda subasta, el acreedor tiene dos derechos, hacerse dueño de la prenda, es decir, tomarla para sí en pago de lo que garantizaba, o comprarla como otro postor cualquiera. Sólo cuando la hace suya, es decir, se la apropia, es que deberá dar carta de pago, y esto es natural; la acción de hacerse dueño de la prenda, equivale a una dación en pago de su deuda y si se hace dueño de ella para con ella pagarse su deuda, no puede cobrar nada más.

"En este caso no hubo apropiación de la prenda en pago de la deuda que garantizaba: no hubo dos subastas y sólo una y compra por el acreedor. No pueden los demandados ampararse en tal disposición para decir que están pagadas todas sus obligaciones.

"Pero hay más. Aceptando que el acto realizado por el Banco haya sido una aceptación de la prenda en pago de las deudas que garantizaba, ¿dónde está la carta de pago que viene obligado el acreedor a dar? ¿Bastaría la alegación como está? ¿Existe contrademanda en este caso por parte de los deudores, sosteniendo su derecho a que se les dé la carta de pago a que el Código se refiere?

"¿Podría en esta acción resolverse tal derecho, cuando el problema no ha sido planteado, ni por el demandante en su demanda, ni por los demandados mediante contrademanda? ¿Podría V. H. ahora resolver la existencia de la carta de pago?"

No era necesario resolver si la carta de pago había sido o no expedida. Bastaba con establecer los hechos que necesariamente obligaban al acreedor a otorgarla.

Esta corte en su opinión consideró los argumentos del demandante y apelado que se han transcrito y declaró que no estaban bien fundados. De suerte que llegó a la conclusión que su fallo contiene basándose en las alegaciones, en las pruebas y en los alegatos de las partes interesadas.

Lo que sucede es que el concepto de novación de los demandados apelantes va más lejos de lo resuelto por nosotros. Resolvimos que no hubo novación por el mero otorgamiento de la nueva garantía. Avanzan en su concepción de la novación los apelantes, si es que entendemos bien su criterio, y dicen que quedó novado y extinguido el viejo pagaré que es el que se cobra en este pleito al hacerse finalmente el acreedor dueño del segundo en la forma en que se hizo, por mandato imperativo de la ley. De suerte que dentro de la novación alegada levantaron desde un principio los demandados la cuestión de que se trata, no pudiendo por tanto sostenerse que el fundamento básico de la sentencia de esta corte no surja de las alegaciones y las pruebas.

*Debe declararse no haber lugar a la reconsideración solicitada.*